DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

CLINTON MATHURIN, *et al.*,   :   1:05-cv-183
                Plaintiff,   :
                             :
        v.                   :   Hon. John E. Jones III
                             :
SUN CONSTRUCTORS, INC., *et al.*,   :
                Defendant.   :

## MEMORANDUM AND ORDER

### August 27, 2012

Before the Court is Defendants' Motion to Disqualify Plaintiffs' Counsel (Doc. 136), filed on January 31, 2012. Defendants, Sun Constructors, Inc., Merit Electrical and Instruments of Louisiana, Inc., an Excel Group, Inc. (collectively "Sun") seek to disqualify Plaintiffs' counsel, Lee J. Rohn, Esq. ("Attorney Rohn"), and her firm, from representing Plaintiffs in this case on the grounds of an impermissible conflict of interest under ABA Model Rule of Professional Conduct ("MRPC") 1.9. The Motion has been fully briefed by the parties and is therefore ripe for our review. For the reasons that follow, the Motion shall be granted.

## I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Clinton Mathuri, Gregory LaForce , Knolly John and Sonny Mungalsingh filed this employment discrimination action on November 29, 2005. Plaintiffs are represented by Attorney Rohn and her law firm, Lee J. Rohn and

1

Associates. The Plaintiffs allege that they were discriminated against by the Defendants on the basis of their race, color and/or national origin.[1] Plaintiffs allege that they were hired by Sun Constructors as pipefitters at the HOVENSA refinery, but were later told that Sun Constructors did not have open positions for them. Plaintiffs allege that Sun Constructors has a policy of discriminating against local black, West Indian workers and instead hired non-black, non-West Indian pipefitters from the States. By Order dated November 2, 2010, we granted Defendants' Motion to Stay the Proceedings Pending Arbitration. (Doc. 111). We have since denied Plaintiffs' motions to reconsider and vacate that determination.

As noted above, on January 31, 2012, Defendants filed the instant Motion, seeking to disqualify Rohn and her firm from representing Plaintiffs further in this action, citing an impermissible conflict of interest under ABA Model Rule of Professional Conduct ("MRPC") 1.9. Specifically, the Motion seeks to disqualify Attorney Rohn and her firm from representing Plaintiffs in this action on the basis that Attorney Rohn hired an attorney, Talib Ellison, Esq., after Mr. Ellison left his employment with the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, LLC ("Ogletree"), which firm represents the Defendants in this action and did so during Mr. Ellison's employment there. Mr. Ellison also worked on the matter of *Gerald*

---

[1] Each of the Plaintiffs are black West-Indians.

*Padmore v. Sun* prior to leaving Ogletree.  Plaintiff opposes the Motion to

Disqualify by arguing that the *Padmore v. Sun* matter is not "substantially related"

to this matter. .

## II.     STANDARD OF REVIEW

### A.     Disqualification Motions – General Standards

A district court's "power to disqualify an attorney derives from its inherent

authority to supervise the professional conduct of attorneys appearing before it."

*United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980).  In the Third Circuit,

"the exercise of this authority is committed to the sound discretion of the district

court and will be overturned on appeal only for an abuse of this discretion." *Id.*

"[D]isqualification ordinarily is the result of a finding that a disciplinary rule

prohibits an attorney's appearance in a case, [but] disqualification never is

automatic." *Id.*  A court should disqualify an attorney "only when it determines,

on the facts of the particular case, that disqualification is an appropriate means of

enforcing the applicable disciplinary rule." *Id.*

The Third Circuit "has often employed a balancing test in determining the

appropriateness of the disqualification of an attorney." *In re Corn Derivatives*

*Antitrust Litig.*, 748 F.2d 157, 162 (3d Cir. 1984).  In *Int'l Longshoremen's Ass'n,*

*Local Union 1332 v. Int'l Longshoremen's Ass'n*, 909 F. Supp. 287 (E.D. Pa.

1995), the court set forth the factors to be balanced: "(i) [the former client's] interest in attorney loyalty, (ii) [the current client's] interest in retaining [his] chosen counsel, (iii) the risk of prejudice to [the current client], and (iv) the court's interest in protecting the integrity of the proceedings and maintaining public confidence in the judicial system." *Id.* at 293 (citing *Corn Derivatives*, 748 F.2d at 162); *see also Brice v. Hess Oil V.I. Corp.*, 769 F. Supp. 193, 195 (D.V.I. 1990) (including as a factor "the policy that attorneys be free to practice without excessive restrictions."). Although "'doubts are to be resolved in favor of disqualification, the party seeking disqualification must carry a 'heavy burden' and must meet 'a high standard of proof' before a lawyer is disqualified.'" *Prosser v. Nat'l Rural Utils. Coop. Fin. Corp.*, 2009 WL 1605637, at *2 (D.V.I. June 8, 2009) (citations omitted).

### B.    Analytical Framework: Model Rule 1.9

"In the Virgin Islands, the Model Rules of Professional Conduct govern the professional responsibilities of practicing attorneys." *VECC, Inc.*, 222 F. Supp. 2d at 719 (citing Local Rule of Civil Procedure 83.2(a) and *Brice*, 769 F. Supp. at 194).

MRPC 1.9 addresses whether an attorney may represent a current client whose interests are adverse to the interests of a former client. The relevant section

4

of Rule 1.9, entitled "Duties To Former Clients," provides:

> A lawyer who has formerly represented a client in a matter shall not
> thereafter represent another person in the same or a substantially
> related matter in which that person's interests are materially adverse
> to the interests of the former client unless the former client gives
> informed consent, confirmed in writing.

MRPC 1.9(a). For an attorney to be disqualified under this rule, four elements must be established: 1) that the attorney had an attorney-client relationship with the former client; 2) that the attorney is representing the current client in the same or a substantially related matter as the former client; 3) that the interests of the current client are materially adverse to those of the former client; and 3) that the former client has not and does not consent to the representation of the current client. *Apeldyn Corp. v. Samsung Electronics, Co., Ltd.*, 600 F. 3d Supp. 2d 557, 561 (D. Del. 2009)(quoting *Nemours Foundation v. Gilbane, Aetna, Federal Ins. Co.*, 632 F. Supp. 418, 422 (D. Del. 1986). The Third Circuit has emphasized that Rule 1.9 is a:

> prophylactic rule to prevent even the potential that a former client's
> confidences and secrets may be used against him. Without such a rule,
> clients may be reluctant to confide completely in their attorneys. . . .
> [T]he rule is important for the maintenance of public confidence in the
> integrity of the bar.

*Corn Derivatives,* 748 F.2d at 162.

## III.    DISCUSSION

In opposition to the Motion, Rohn argues that this case and *Padmore v. Sun* are not substantially related, and thus this element in the MRPC 1.9 test for disqualification is not met.  The following factors to guide our determination as to whether the matters were "substantially related": (1) the nature and scope of the prior representation; (2) the nature and scope of the current representation; and (3) whether during the prior representation the client might have disclosed confidences to his attorney which could be relevant and detrimental to the client in the current action."  *Greenwood Land Co.v. Omnicare, Inc.*, 2009 WL 2595652, *5 (W.D. Pa. August 20, 2009).

This matter and the *Padmore* matter are obviously not the same case nor do they arise out of the same underlying incident.  However, we do find that  the facts and legal issues of the two cases are similar in that they both arbitration of wrongful discharge claims against Sun made by employees at the HOVENSA refinery.  As set forth by Ogletree, Mr. Ellison was involved in the analysis and selection of the arbitrator, evaluated strategy, interviewed witnesses employed by Sun and co-Defendant HOVENSA and single-handedly represented Sun at the arbitration hearing. Mr. Ellison also worked closely with Sun's General Counsel

when working on the *Padmore* case.  Clearly Mr. Ellison represented Sun while at Ogletree, and was fully involved with Sun's legal strategy. Thus it is not only true that Sun "*might* have disclosed confidences which could be relevant and detrimental" to Sun in the matter *sub judice*, but it is almost certain that such confidences were disclosed.  Based on the foregoing, we find that the matters are "substantially related" for purposes of MRPC 1.9 disqualification. Furthermore, Mr. Ellison's employment with Rohn was begun (1) without Sun's consent and (2) prior to the implementation of appropriate screening mechanisms.   This is the exact type of side-switching attorney that MRPC 1.9 seeks to disqualify.

### C.    CONCLUSION

Accordingly, based on all of the foregoing, we shall grant the Defendants' Motion to Disqualify Counsel.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.    Defendant's Motion to Disqualify Counsel (Doc. 136) is **GRANTED**.

2.    The Clerk shall terminate all attorneys associated with the Lee J. Rohn law firm as counsel on the docket.

s/ John E. Jones III
John E. Jones III
United States District Judge
